IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARDELL L. PARCHER, | ) | CASE NO.  3:21-CV-00932-JRK |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES R. KNEPP, II |
| vs. | ) | UNITED STATES DISTRICT JUDGE |
| | ) | |
| WARDEN CHAE HARRIS, | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| Defendant. | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2.  Before the Court is the Petition of Cardell Parcher ("Parcher" or "Petitioner") for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  Parcher is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case *State v. Parcher*, Lucas County Court of Common Pleas Case No. G-4801-CR-0201801821.  For the following reasons, the undersigned recommends that the Petition be DENIED.

## I.  Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011).  The state appellate court summarized the facts underlying Parcher's conviction as follows:

{¶ 1} Appellant, Cardell Parcher, appeals from the December 14, 2018 judgment of the Lucas County Court of Common Pleas convicting of and sentencing him for robbery, a violation of R.C. 2911.02(A)(2) and (B), and theft of drugs, a violation of R.C. 2913.02(A)(4) and (B)(6), following acceptance of his no contest plea. Appellant appeals and asserts the following assignments of error:

> I. Whether the trial court erred in denying defendant's request to merge the robbery and theft convictions.

> II. Whether the trial court erred at sentencing by not giving defense counsel an opportunity to present mitigating information.

{¶ 2} On May 4, 2018, appellant was indicted in a multi-count indictment regarding the robbery of a Rite Aid pharmacy on February 12, 2018. On December 13, 2018, appellant entered a no contest plea to the lesser included offense of robbery, R.C. 2911.02(A)(2) and (B), and theft of drugs. The remaining counts and the specifications attached to Count 1 were dismissed.

{¶ 3} The prosecution described the evidence it would have presented at trial. On February 12, 2018, appellant approached a Rite Aid pharmacy and handed the pharmacist a note and threatened to kill him if he set off any alarms or called the police. The note instructed the pharmacist to place Percocet in a bag. Appellant tapped his side indicating he had a firearm. The pharmacist put three bottles of Percocet and three fake bottles in a bag which contained GPS trackers. After receiving the bottles, appellant ordered another employee to follow him to the front of the store and showed her the butt of a handgun. The police recovered the note written on the back of a piece of paper which belonged to appellant's family, an ID that belonged to a different family member, and the mask and gloves used by appellant. DNA taken from the mask and gloves was analyzed and found to match appellant's DNA with the frequency of rarer than one in 1 trillion.

{¶ 4} After the trial court gave appellant the required Crim.R. 11 notifications, the trial court accepted the no contest plea and found appellant guilty of the amended charges. The court asked appellant's counsel if he had a statement to make on behalf of appellant. Counsel emphasized the agreement provided the sentence would be capped at eight years of incarceration. He argued Counts 1 and 3 should merge because the same conduct constituted the theft and the robbery. The court denied the oral motion to merge the counts. After addressing appellant, the court sentenced appellant to eight years of imprisonment as to Count 1 and 12 months as to Count 3. Appellant appeals from this judgment.

*State v. Parcher*, 2020-Ohio-293, 2020 WL 504824, at *1 (Ohio Ct. App. Jan. 31, 2020).

2

## II. Procedural History

### A. Trial Court Proceedings

On May 4, 2018, the Lucas County Grand Jury Grand Jury indicted Parcher on the following charges: aggravated robbery with a firearm specification and a repeat violent offender specification (Count One); abduction (Count Two); theft of drugs (Count Three); and aggravated possession of drugs (Count Four). (Doc. No. 9-1, Ex. 1.) Parcher entered pleas of not guilty to all charges. (Doc. No. 9-1, Ex. 2.)

On December 13, 2018, Parcher changed his plea of not guilty to a plea of no contest to a lesser included offense of robbery under Count One and theft of drugs under Count Three. (Doc. No. 9-1, Ex. 3.) The remaining counts, as well as the specifications attached to Count One, were dismissed. (*Id.*) The trial court accepted Parcher's no contest plea and found him guilty. (Doc. No. 9-1, Ex. 4.) The trial court sentenced Parcher to eight years on Count One and 12 months on Count Three, to be served concurrently, and a prison term of 52 days for violation of post-release control, to be served consecutively to the sentences on Counts One and Three. (*Id.*)

### B. Direct Appeal

Parcher, through counsel, filed a timely notice of appeal to the Sixth District Court of Appeals. (Doc. No. 9-1, Ex. 5.) In his appellate brief, Parcher raised the following assignments of error:

I. The trial court erred in denying Appellant's request for merger as to counts one and three of the indictment.

II. The trial court failed to allow counsel an opportunity to present mitigating information to the court prior to sentencing.

(Doc. No. 9-1, Ex. 6.) The State filed a brief in response (Doc. No. 9-1, Ex. 7), to which Parcher replied. (Doc. No. 9-1, Ex. 8.)

On January 31, 2020, the state appellate court affirmed Parcher's convictions. (Doc. No. 9-1, Ex. 9.) *See also State v. Parcher*, 2020-Ohio-293, 2020 WL 504824, at *2.

3

On February 10, 2020, Parcher filed an application for reconsideration of the state appellate court's January 31, 2020 decision.  (Doc. No. 9-1, Ex. 14.)  On March 26, 2020, the state appellate court denied Parcher's application for reconsideration.  (Doc. No. 9-1, Ex. 15.)

On August 19, 2020, Parcher, proceeding *pro se*, filed a Notice of Appeal with the Supreme Court of Ohio.  (Doc. No. 9-1, Ex. 10.)  In his Memorandum in Support of Jurisdiction, Parcher raised the following Propositions of Law:

I.      When the facts of the case support merger of robbery and theft per this Court's precedent in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, and R.C.2941.25(A), a trial court errs when it does not permit the merger.

II.     When neither counsel for a criminal defendant, nor the defendant is given a full and fair opportunity for mitigation according to the strict language of Criminal Rule 32(A)(1), Revised Code 1.42 becomes a *pro forma* nullity along with the rule itself and the criminal defendant is thus denied due process of law, especially if an appeals court cannot or will not specifically hold that any error assigned is either invited or harmless.

III.    When trial counsel for a criminal defendant becomes intimidated by the trial court to a point where counsel stops being the counsel guaranteed by the Sixth Amendment and counsel on appeal having knowledge of trial counsel's ineffectiveness fails to assign ineffectiveness of trial counsel as error, such a defendant is denied the effective assistance of counsel by both the trial counsel and appeal counsel.

(Doc. No. 9-1, Ex. 11.)  The State waived the filing of a response.  (Doc. No. 9-1, Ex. 12.)

On October 27, 2020, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct. Prac.R. 7.08(B)(4).  (Doc. No. 9-1, Ex. 13.)

## C.    Application to Reopen Appeal under Ohio App. R. 26(B)

On April 16, 2020, Parcher filed a *pro se* Application to Reopen Appeal Pursuant to Ohio App. R. 26(B).  (Doc. No. 9-1, Ex. 16.)  In his Application, Parcher argued he received ineffective assistance of appellate counsel when counsel failed to raise the following assignments of error:

I.      The trial court erred when it did not follow the strict mandated language of Crim. R. 32(A)(1) as it relates to mitigation of punishment.

4

II.　The trial court erred when it changed the plea form without first giving Appellant an adequate opportunity to review the form *de novo*, as trial counsel was ineffective for failing to ensure that the plea form contained all correct terms and language on the plea form.

III.　Appellant's trial counsel was ineffective for not ensuring a thorough mitigation process that would have allowed for a more lenient and/or rehabilitative sentence.

(*Id*.)  The State did not file a brief in opposition.  (Doc. No. 9-1.)

On July 7, 2020, the state appellate court denied Parcher's application to reopen his appeal.  (Doc. No. 9-1, Ex. 17.)

On July 17, 2020, Parcher filed an application for reconsideration of the state appellate court's July 7, 2020 decision.  (Doc. No. 9-1, Ex. 18.)  On August 12, 2020, the state appellate court denied Parcher's application for reconsideration.  (Doc. No. 9-1, Ex. 19.)

## D.　Federal Habeas Petition

On April 19, 2021,[1] Parcher filed a Petition for Writ of Habeas Corpus in this Court and asserted the following grounds for relief:

**GROUND ONE**:  Ineffective Assistance of Trial Counsel/Denial of Due Process, But Not Limited To

**Supporting Facts**:  Please See Attached Memorandum

**GROUND TWO**:  Ineffective Assistance of Appellate Counsel/Denial of Due Process, But Not Limited To

**Supporting Facts**:  Please see attached memorandum

(Doc. No. 1.)

On September 22, 2021, Warden Chae Harris ("Respondent") filed the Return of Writ. (Doc. No. 9.)  Parcher filed a Traverse on November 23, 2021.  (Doc. No. 10.)

---

[1]  Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities.  *See Houston v. Lack*, 487 U.S. 266 (1988).  While the Petition herein did not arrive at the Court for filing until May 3, 2021, Parcher states that he placed it in the prison mailing system on April 19, 2021.  (Doc. No. 1 at 15.)  Thus, the Court will consider the Petition as filed on April 19, 2021.

### III. Exhaustion and Procedural Default

**A.    Legal Standard**

Petitioners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings.  *See* 28 U.S.C. § 2254(b), (c).  This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).  A claim may become procedurally defaulted in two ways.  *Id.*  First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court.  *Id.; see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[2]  *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848,

---

[2] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138–39; *Barkley v. Konteh*, 240 F. Supp. 2d 708 (N.D. Ohio 2002). "In determining whether a state court actually enforced a procedural rule, we apply the 'plain statement' rule of *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)." *Lovins v. Parker*, 712 F.3d 283, 296 (6th Cir. 2013) ("a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar.") (citations omitted).

119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Lovins*, 712 F.3d 283, 295 (6th Cir. 2013) ("a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.") This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id.* In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id.* Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id.*

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue-not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law

7

or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Williams v. Anderson*, 460 F.3d 789, 806 (6ᵗʰ Cir. 2006).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138–39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id.* Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219–20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S. 722, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). *See also Jones v. Bradshaw*, 489 F. Supp. 2d 786, 807 (N.D. Ohio 2007); *Allen v. Harry*, 497 F. App'x 473, 480 (6th Cir. 2012).

8

**B.      Application to Petitioner**

In Ground One, Parcher alleges he received ineffective assistance of trial counsel when trial counsel failed to present mitigation evidence at sentencing and failed to ask for more time to go over the corrected plea form with Parcher.  (Doc. No. 1 at 5, 20-21; Doc. No. 10 at 2.)  Parcher acknowledges this claim was not raised on direct appeal (Doc. No. 1 at 6), and argues he received ineffective assistance of appellate counsel for appellate counsel's failure to raise this claim on direct appeal.  (Doc. No. 1 at 6, 20-21; Doc No. 10 at 2.)

Although Respondent acknowledges Ground One was "framed" as a "trial court error" on direct appeal, Respondent fails to argue that Ground One is procedurally defaulted.  (Doc. No. 9 at 9-11, 15-18.)

The Court finds Ground One is procedurally defaulted.  As noted above, Parcher did not raise this claim on direct appeal to the state appellate court.  While Parcher raised this claim before the Supreme Court of Ohio, "under Ohio law, a constitutional question cannot ordinarily be raised before the Ohio Supreme Court unless it was first presented to the intermediate appellate court."  *Reed v. Jenkins*, Case No. 3:15-cv-00620, 2016 WL 6311235, at *6 (N.D. Ohio June 22, 2016) (citations omitted), *report and recommendation adopted by* 2016 WL 6393350 (N.D. Ohio Oct. 27, 2016).  As the Sixth Circuit has explained, "'The Ohio Supreme Court has stated that it will not consider constitutional claims not raised and preserved in the Ohio Court of Appeals.'"  *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985) (quoting *Fornash v. Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir.1982) (additional internal citations omitted).

The Court notes that Parcher raised ineffective assistance of *appellate* counsel claims relating to appellate counsel's failure to raise certain arguments relating to trial counsel's failure to present mitigation evidence and trial court error when the trial court changed the plea form.  (Doc. No. 9-1, Ex. 16.)  This does not, however, preserve Ground One as set forth in Parcher's Petition for federal habeas review.

Indeed, it is well-established that "bringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because the two claims are analytically distinct." *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008).  As another district court within this Circuit has explained:

> [U]nder Ohio law, an application for reopening pursuant to App. R. 26(B), or a "Murnahan" motion, is a procedural mechanism for raising claims of appellate counsel ineffectiveness, not for bootstrapping underlying constitutional claims that were omitted from the direct appeal in the first place. Fair presentment requires a petitioner to present his claims to the state courts in a procedure and manner that will provide the state courts with the opportunity to apply controlling legal principles. *Picard v. Connor*, 404 U.S. 270, 276–77, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). To the extent petitioner is suggesting that raising a claim in a Rule 26(B) application is equivalent to raising that claim on direct appeal, he is in error. The notion that any constitutional claim raised in an application for reopening is fairly presented to the state courts in the same manner as if that claim had been raised in a timely direct appeal is untenable and unsupported by case law. The only claims that can be preserved in a Rule 26(B) application for reopening, therefore, are claims of ineffective assistance of appellate counsel.

*Stojetz v. Ishee*, 389 F. Supp. 2d 858, 898–99 (S.D. Ohio 2005).  *See also Wogenstahl v. Mitchell*, 668 F.3d 307, 343 (6th Cir. 2012); *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005); *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1098 (N.D. Ohio 2014); *White v. Shewalter*, Case No. 1:10CV1265, 2012 WL 2711463, at *10 (N.D. Ohio March 14, 2012), *report and recommendation adopted by* 2012 WL 2741551 (July 9, 2012).  Thus, Parcher's 26(B) Application did not preserve his underlying ineffective assistance of trial counsel claim for habeas review.

 In light of the above, the Court finds Ground One of Parcher's Petition is procedurally defaulted.

**a. Cause and Prejudice**

Parcher may nevertheless obtain a merits review of this claim if he can demonstrate cause for the default and prejudice resulting therefrom, or that failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren*, 440 F.3d at 763.

The Sixth Circuit has held that cause to excuse the procedural default of a habeas claim may exist if a petitioner's appellate counsel was ineffective in failing to raise the issue. *See Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013); *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004); *Smith v. Ohio, Department of Rehab. and Corr.*, 463 F.3d 426, 432 (6th Cir. 2006); *Berry v. Warden, Southern Ohio Correctional Facility*, Case No. 3:14CV2518, 2016 WL 4177174, at *3 (N.D. Ohio Aug. 8, 2016). However, a petitioner cannot show that appellate counsel was ineffective for failing to raise a claim on appeal if the underlying claim itself lacks merit. *See Moore*, 708 F.3d at 776; *Davie*, 547 F.3d at 312; *Berry*, 2016 WL 4177174, at *3. Thus, if a state court rejects an ineffective assistance of appellate counsel claim on the merits, a petitioner's default may not be excused on the basis of appellate counsel's failure to raise the underlying claim on direct appeal. *See Moore*, 708 F.3d at 776–777 ("Moore cannot show ineffective assistance of his appellate counsel for failing to raise the issue on appeal because the underlying claim lacks merit. *Davie*, 547 F.3d at 312. The state court did not unreasonably apply *Strickland* in so holding. The claim is procedurally defaulted and that default is unexcused."); *Berry*, 2016 WL 4177174, at *3.

As noted above, Parcher did not raise Ground One of his habeas Petition on direct appeal. In his application to reopen his appeal under Ohio App. R. 26(B), Parcher argued his appellate counsel was ineffective for failing to assert that his trial counsel was ineffective for "not ensuring a thorough mitigation process that would have allowed for a more lenient and/or rehabilitative sentence."[3] (Doc. No. 9-1, Ex. 16.) Parcher raises this ineffective assistance of *trial* counsel argument as part of Ground One of the instant habeas Petition.

---

[3] However, Parcher presented the change of plea form issue as a trial court error, not ineffective assistance of trial counsel. (Doc. No. 9-1, Ex. 16.) Therefore, any ineffective assistance of trial counsel claim relating to a failure to ask for more time to review the revised plea form was not fairly presented to the state courts and is also procedurally defaulted.

On July 7, 2020, the state appellate court addressed this claim on the merits and rejected it as follows:

> Appellant's first and third proposed assignments of error both relate to alleged mitigating evidence that was not introduced and, therefore, will be addressed together. Appellant first alleges the trial court did not strictly comply with Crim.R. 32(A) and ask appellant if he wished to *present evidence.* While we did not address this issue on appeal, we find it could not have been asserted as an assignment of error.
>
> The purpose of the right of allocution is "'to permit the defendant to speak on his own behalf or present any information in mitigation of punishment.'" *State* v. *Beasley,* 153 Ohio St.3d 497, 2018-Ohio-493, l08 N.E.3d 1028, ¶ 204, quoting *State v. Reynolds,* 80 Ohio St.3d 670,684,687 N.E.2d 1358 (1998). This common law right has been incorporated into Crim.R. 32(A)(l), which provides in pertinent part that at the time of imposing sentence, the court shall:
>
>> (1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
>
> By incorporation of the word "shall," the General Assembly has indicated the trial court must strictly comply with the statute. *State v. Campbell,* 90 Ohio St.3d 320, 324-325, 738 N.E.2d 1178 (2000). Strict compliance, however, never means that the court must recite specific words of the statute. *See State v. Miller,* Slip Opinion No. 2020-Ohio-1420, ¶ 1 (explaining a strict recitation of Crim.R. 11 (C)(2)(c) is not necessary to comply with the rule). Rather, we look to whether the trial court personally and unambiguously addressed the defendant and asked him if he wished to speak before the court imposed a sentence. *Goff v. Bagley,* 601 F.3d 445,465 (6th Cir.2010) *State* v. *Osie,* 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, 180; *State v. Masson,* 7th Dist. Mahoning No. 16 MA 0066, 2017-Ohio 7705, 96 N.E.3d 1225, ¶ 10; *State v. Wallace,* 7th Dist. Mahoning No. 12 MA 180, 2013-0hio-287 ¶ 10, 19. Furthermore, a defendant may waive the right to speak in allocution. *Campbell* at 325.
>
> Appellant argues that the failure of the trial court to quote the language of the statute and indicate that he could also present evidence constitutes a failure to provide him with the opportunity to speak directly to the court. He has not cited to any case directly supporting his position. Following precedent, we find that Crim.R. 32(A) requires only that the sentencing court personally address the defendant and give him the opportunity to speak on his own behalf. There is no requirement that specific language be used.

In the direct appeal, appellant's counsel raised the issue of whether the trial court failed to allow appellant's counsel an opportunity to present mitigating information prior to sentencing. Upon a review of the transcript, we found this objection was unfounded. *State v. Parcher,* 6th Dist. Lucas No. L-19-1006, 20 0-Ohio-293, ¶ 11. The trial court asked trial counsel and appellant directly whether either had any further comments to make prior to sentencing and both trial counsel and appellant responded negatively. *ld.* Therefore, we find the trial court's inquiry sufficiently protected appellant's allocution rights.

Appellant also alleges that his appellate counsel should have asserted that appellant's trial counsel rendered ineffective assistance because he did not present the mitigation evidence. Appellant relies upon a letter he received from his appellate counsel explaining how his trial counsel fell short in asserting appellant's mitigation evidence before this particular judge. However, the facts relating to why both trial counsel and appellant failed to present mitigation evidence is not set forth in the appellate record. Therefore, appellate counsel could not have raised this issue in a direct appeal. *State v. Hartman,* 93 Ohio St.3d 27-4, 299, 754 N.E.2d J 150 (2001). Therefore, we find appellant's appellate attorney had no basis for asserting either the first or third proposed assignments of error on appeal.

(Doc. No. 9-1, Ex. 17.)

In order to determine whether a claim of ineffective assistance of appellate counsel may serve to excuse the procedural default of the underlying claim, a district court may look to the strength of the underlying claim. *See Davie*, 547 F.3d at 312; *Moore*, 708 F.3d at 778; *Manoku v. Lafler*, Case No. 09-11511, 2015 WL 4715768, at *17 (E.D. Mich. Aug. 7, 2015). Because the state appellate court in the instant case ruled on the merits, its decision is entitled to AEDPA deference. *See Moore*, 708 F.3d at 778; § 2254(d)(1).

In assessing claims of ineffective assistance of counsel, courts apply the familiar standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1998), which requires a petitioner to demonstrate both that his counsel's performance was deficient and that the allegedly ineffective assistance caused him prejudice:

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not

13

> functioning as the "counsel" guaranteed the defendant by the Sixth
> Amendment. Second, the defendant must show that the deficient performance
> prejudiced the defense. This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial whose result is
> reliable. Unless a defendant makes both showings, it cannot be said that the
> conviction or death sentence resulted from a breakdown in the adversary
> process that renders the result unreliable.

*Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. This standard applies "regardless of whether a [p]etitioner is claiming ineffective assistance of trial counsel or ineffective assistance of appellate counsel." *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005).

Where, as here, a state court correctly identifies *Strickland* as the standard for assessing a petitioner's ineffective assistance claim, in order for the petitioner to receive habeas relief, the state court's ruling must be an unreasonable application of the *Strickland* standard. *Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009) ("The question is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether that determination was unreasonable—a substantially higher threshold.") (internal quotation marks omitted). When reviewing a state court's ruling on an ineffective assistance of counsel claim, federal habeas courts must employ "a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 134 S.Ct. 10, 13, 187 L.Ed.2d 348 (2013); *see also Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011) ("Our review of the [state court's] decision is thus doubly deferential. We take a highly deferential look at counsel's performance through the deferential lens of § 2254(d).") (internal citations and quotation marks omitted).

As the state appellate court noted, there were no facts in the appellate record as to why both trial counsel and Parcher himself failed to present mitigation evidence, and therefore, Parcher's appellate counsel could not have raised the issue on direct appeal. In addition, as the record reflects, appellate counsel raised the mitigation issue as a trial court error on direct appeal. (Doc. No. 9-1, Ex. 6.)

Because the state court reasonably determined Parcher's appellate counsel was not ineffective for raising this underlying ineffective assistance of trial counsel claim, the Court finds Parcher has not satisfied the cause requirement to overcome his default of Ground One. *See, e.g., Moore,* 708 F.3d at 778 ("That procedural default is not excused because even if his appellate counsel had raised the issue, the underlying claim was meritless."); *Warren v. Smith*, Case No. 1:09CV1064, 2010 WL 2837001, at *9 (N.D. Ohio April 29, 2010) (even where petitioner was represented by the same counsel at trial and on direct appeal, court found petitioner did not establish cause to excuse the default of habeas claim because state appellate court considered petitioner's 26(B) Application on the merits and determined appellate counsel was not deficient for failing to raise issue on direct appeal).

As Parcher fails to show cause, the Court need not consider the prejudice prong. *Smith v. Murray*, 477 U.S. at 533–34.

### b.  Actual Innocence

As noted above, a petitioner's procedural default may be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman*, 501 U.S. at 749–50. In order to establish actual innocence, a habeas petitioner must show "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. *See also Jones*, 489 F. Supp. 2d at 807; *Allen*, 2012 WL 3711552, at *7. A petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 327. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not

in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id*. at 316.

Here, Parcher does not assert that he is actually innocent, and he fails to present any new, reliable evidence of his innocence.  Therefore, the Court finds Parcher has failed to demonstrate the procedural default of Ground One should be excused on the basis of actual innocence.

### IV. Review on the Merits

**A.    Legal Standard**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings (as opposed to the dicta) of the United States Supreme Court.  *See Parker v. Matthews*, 567 U.S. 37, 132 S.Ct. 2148, 183 L.Ed.2d 32 (2012); *Renico v Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1865-1866 (2010); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Shimel v. Warren,* 838 F.3d 685, 695 (6th Cir. 2016); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005).  Indeed, the Supreme Court has indicated that circuit precedent does not constitute "clearly established Federal law, as determined by the Supreme

16

Court." *Parker*, 567 U.S. at 48-49; *Howes v. Walker*, 567 U.S. 901, 132 S.Ct. 2741, 183 L.Ed.2d 612 (2012). *See also Lopez v. Smith*, —— U.S. ——, 135 S.Ct. 1, 4, 190 L.Ed.2d 1 (2014) (per curiam) ("Circuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that this Court has not announced.'" (quoting *Marshall v. Rodgers*, 569 U.S. 58, 133 S.Ct. 1446, 1450, 185 L.Ed.2d 540 (2013)).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413. By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* *See also Shimel*, 838 F.3d at 695. However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor,* 529 U.S. at 411. Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law. *Id.* at 410-12. "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 F. App'x 511, 516 (6th Cir. 2006) (citing *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

In *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), the Supreme Court held that as long as "fairminded jurists could disagree on the correctness of the state court's decision," relief is precluded under the AEDPA. *Id.* at 786 (internal quotation marks omitted). The Court admonished that a reviewing court may not "treat[ ] the reasonableness question as a test of its confidence in the result it would reach under *de novo* review," and that "even a strong case for relief does not mean

17

the state court's contrary conclusion was unreasonable." *Id*. at 785. The Court noted that Section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems" and does not function as a "substitute for ordinary error correction through appeal." *Id*. (internal quotation marks omitted). Therefore, a petitioner "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786–87. This is a very high standard, which the Supreme Court readily acknowledged. *See id.* at 786 ("If this standard is difficult to meet, that is because it is meant to be.")

In Ground Two, Parcher asserts he received ineffective assistance of appellate counsel where appellate counsel failed to raise ineffective assistance of trial counsel on appeal and for failing to assign "as error the unlawful act of the trial court changing the statute subject to the plea agreement." (Doc. No. 1 at 7, 21.)

Respondent argues that Ground Two is non-cognizable, procedurally defaulted, and meritless. (Doc No. 9 at 18-28.)

As the Court already addressed Parcher's failure to satisfy the *Strickland* standard regarding the first part of Ground Two in its discussion of the procedural default of Ground One, the Court turns to the portion of Ground Two regarding the change to the plea agreement.

In order to establish ineffective assistance of counsel, a petitioner must demonstrate that his counsel's conduct was so below acceptable standards of representation that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A petitioner also must demonstrate that a trial counsel's performance prejudiced the petitioner's defense to such an extent that it rendered the proceeding unfair. *Id*. To establish prejudice, the "defendant must show that there is a reasonable

18

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In other words, a counsel's deficient performance must have "caused the defendant to lose what he otherwise would probably have won" and it must have been "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. Mere disagreements by a defendant with tactics or strategies employed by counsel are not enough to support a claim of ineffective assistance of counsel and there is a presumption that the challenged conduct of a petitioner's counsel was a matter of strategy. *Id.* at 689. *See also United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

As explained by the United States Supreme Court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S. at ——, 129 S.Ct. 1411, 173 L.Ed.2d 251. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at ——, 129 S.Ct. 1411, 173 L.Ed.2d 251. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington*, 562 U.S. at 105, 131 S.Ct. 770. *See also Kennedy v. Warren*, 428 F. App'x 517, 520 (6th Cir. 2011); *Phillips v. Sheldon,* 2014 WL 185777, at *14-15 (N.D. Ohio Jan. 16, 2014).

The Supreme Court has held a defendant is entitled to effective assistance of counsel in his first appeal as a matter of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Thus, the two-part test enunciated in *Strickland* is applicable to claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528

U.S. 259, 285 (2000).  An appellant has no constitutional right, however, to have every non-frivolous issue raised on appeal, *Jones v. Barnes*, 463 U.S. 745, 750-54 (1983), and tactical choices regarding issues to raise on appeal are properly left to the sound professional judgment of counsel, *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).  "[O]nly when issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome."  *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003) (internal quotation marks and citations omitted).

The record reflects Parcher raised this argument in his 26(B) Application to the state appellate court and again on appeal to the Supreme Court of Ohio.[4]  (Doc. No. 9-1, Ex. 6, 10.)  The state appellate court rejected this argument on the merits, as follows:

> Appellant asserts a proposed second assignment of error he believes his appellate counsel should have asserted on appeal. He asserts the trial court erred when it changed the plea form without giving appellant an adequate opportunity to review the form to ensure it contained correct terms and language.
>
> At the sentencing hearing, after the prosecution presented the plea agreement, the court noted the plea form erroneously indicated the charge was stated as "R.C. 29.l 1.02(A)(2)" rather than "R.C. 29l 1 .02(A)(l )." The court indicated it would correct the plea agreement accordingly and gave the plea agreement to appellant for review and execution.  Appellant asserts that changing the statutory reference invalidated the plea and trial counsel should have asked. for time to have a new plea agreement executed.
>
> Upon a review of the sentencing hearing transcript, we find appellant's argument lacks merit. Appellant did not execute the plea agreement until after it was corrected and the trial court gave appellant an opportunity to raise any issue regarding the agreement and appellant did not make any assertions. Furthermore, appellant makes no assertion in his motion that he would not have signed the form or how he was prejudiced by the revision to the plea agreement prior to its execution. Therefore, we find there was no basis for appellant's appellate counsel to assert an assignment of error related to the

---

[4] Parcher combined his appeals of the state appellate court's January 31, 2020 decision on his direct appeal and the state appellate court's July 7, 2020 denial of 26(B) Application in his August 2020 appeal to the Supreme Court of Ohio.  As Respondent makes no argument that Parcher's claim of ineffective assistance of appellate counsel is procedurally defaulted on this basis, the Court addresses the portion of Ground Two relating to the plea agreement on the merits.

> execution of the plea agreement. We find appellant's second proposed
> assignment of error lacks merit.

(Doc. No. 9-1, Ex. 17.)

The Court finds the state appellate court reasonably determined appellate counsel was not ineffective for failing to challenge the trial court's change to the plea agreement. As the state appellate court noted, the change was made before Parcher signed the agreement. (*Id.*) The trial court asked Parcher to review the form with counsel and sign it if it met his approval. (Doc. No. 9-2 at 14-15.) The trial court asked Parcher if he had sufficient time to review the form with his attorney, and Parcher stated he did. (*Id.* at 15.) The trial court asked Parcher is he had any questions about the form, and Parcher stated he did not. (*Id.*) The trial court asked Parcher if it was his signature on the front and back of the form, and Parcher stated it was. (*Id.*) The trial court asked Parcher if he had any questions about the day's proceeding, and Parcher stated he did not. (*Id.*) The plea agreement bears three sets of initials next to the handwritten change that appear to be the initials for the trial court judge, defense counsel, and the prosecutor. (Doc. No. 9-1, Ex. 3.) Furthermore, as the state appellate court determined, Parcher made no argument in his 26(B) Application – and makes no argument to this Court on habeas review – that he would not have signed the form as changed or how he was otherwise prejudiced by the change to the plea agreement before he signed it.

Under these circumstances, the Court finds appellate counsel was not deficient for making the strategic choice not to raise a challenge to the trial court's change to the plea agreement on direct appeal. Accordingly, the Court finds the state appellate court reasonably determined appellate counsel was not ineffective for failing to raise this argument. It is therefore recommended this portion of Parcher's second ground for habeas relief be DENIED.

### V. Conclusion

For all the reasons set forth above, it is recommended that the Petition be DENIED.

21

Date: October 31, 2022                    _s/ Jonathan Greenberg_
                                          Jonathan D. Greenberg
                                          United States Magistrate Judge


## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).**